Filed 8/18/25  Heiser v. Pakula CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHARON HEISER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANDREA PAKULA,<br><br>    Defendant and Respondent. | 2d Crim. No.B341308<br>(Super. Ct. No. 56-2022-00564219-CU-PO-VTA)<br>(Ventura County) |

Sharon Heiser appeals a judgment entered following Andrea Pakula's successful motion for summary judgment.  We conclude that the trial court properly granted summary judgment regarding Heiser's action for medical battery and affirm.

This appeal concerns Heiser's complaint alleging that Doctor Pakula committed medical battery by using Dermabond to bandage Heiser's surgical incisions without her express consent. Heiser experienced pain and inflammation in the days following surgery and returned to the hospital for treatment.  She later brought this lawsuit against Pakula.  Heiser alleged a cause of

action sounding in battery, but not medical negligence or lack of informed consent.

*FACTUAL AND PROCEDURAL HISTORY*

On April 6, 2022, Heiser brought this action arising from complications she experienced following her surgery. Heiser alleged that on July 2, 2021, Pakula applied Dermabond or another adhesive to close Heiser's surgical wounds without her consent. As a result, Heiser suffered pain and inflammation at the site of the incisions.

On June 6, 2024, Pakula filed a motion for summary judgment. Pakula asserted that Heiser consented to the surgery and did not report an allergy to Dermabond. In support of her motion, Pakula included a separate statement of undisputed material facts, evidentiary declarations, and deposition excerpts. Heiser responded with a separate statement of undisputed material facts and evidentiary objections. Heiser contended that it was a battery to dress her incisions with Dermabond because it is a type of adhesive and she has allergies to tape, latex, and other adhesives. The undisputed material facts and evidence established this:

On July 1, 2021, Heiser presented to the Adventist Health Simi Valley Hospital emergency room with severe abdominal pain that required urgent surgical intervention. Pakula was the on-call surgeon who visited Heiser in the hospital. As part of her admission to the hospital, Heiser reported allergies to multiple antibiotics, medicines, foods, and materials, including latex and clear/paper tapes and adhesives. These were noted on her medical records. She did not report an allergy or a problem with Dermabond.

2

On July 2, 2021, Pakula performed a robotic-assisted laparoscopic cholecystectomy on Heiser to treat a diagnosis of gallstone pancreatitis. It is undisputed that Heiser consented to the surgery and there was no discussion of Dermabond beforehand. Pakula applied Dermabond instead of plastic or tape to close Heiser's incisions.

The surgery was successful and Heiser was discharged from Adventist Health Simi Valley Hospital in stable condition. Her incisions were clean and without evidence of rash, reaction, or drainage. Twelve days later, Heiser returned to the emergency room with complaints of significant pain and inflammation surrounding the surgical incisions. Pakula then removed residual Dermabond that covered the incisions and treated the skin inflammation with topical steroid medication.

To support her motion, Pakula submitted the declaration of James R. Macho, a board certified surgeon with additional training in critical care medicine. Macho described Dermabond as a liquid skin adhesive that is a standard for closing incisions. Allergic reactions to Dermabond are relatively rare and in many cases may be contact dermatitis rather than an allergic reaction. He opined: "There is no correlation or cross-sensitivity between the latex and tape allergies listed in Ms. Heiser's hospital records and the Dermabond. . . . [¶] . . . Dermabond was a safe choice because its chemical makeup is not related to the traditional adhesives used in medical applications."

After hearing from the parties, the trial court granted summary judgment, finding that Pakula did not commit battery by application of Dermabond to close Heiser's incisions. The court concluded that Heiser did not expressly advise Pakula of an allergy or reaction to Dermabond. The court also pointed out that

3

Pakula's expert declared that the chemical makeup of Dermabond is not related to the traditional adhesives used in medical applications. Moreover, Macho's unchallenged opinion was that Dermabond has a relatively low rate of allergic reactivity.

Heiser appeals and contends that there are disputed material facts regarding her cause of action for battery.

*DISCUSSION*

Heiser asserts that Pakula improperly applied Dermabond, an adhesive, to her surgical incisions after she expressly warned her that she was allergic to adhesives and asked Pakula not to use them. Heiser points out that battery is "an offensive and intentional touching without the victim's consent." (*Kaplan v. Mamelak* (2008) 162 Cal.App.4th 637, 645.)

Summary judgment is appropriate only when the evidence shows that there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A triable issue of material fact exists if the evidence and inferences therefrom would allow a reasonable juror to find the underlying fact in favor of the party opposing summary judgment. *(Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, 856.)

A party moving for summary judgment must show "that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) The court must view the evidence in the light most favorable to plaintiff as the losing party, liberally construing his evidentiary submission while strictly construing the defendant's showing. (*McCurry v. Singh* (2024) 104 Cal.App.5th 1170, 1175.) The court also

4

resolves any evidentiary doubts or ambiguities in plaintiff's favor. (*Ibid.*)

We review a trial court's order granting summary judgment de novo. (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 620; *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th 826, 860.) We consider all the evidence set forth in the moving and opposition papers except that to which objections have been raised and sustained. (*McCurry v. Singh*, *supra*, 104 Cal.App.5th 1170, 1175.) Within this framework, we review the court's ruling concerning evidentiary objections for an abuse of discretion. (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852.)

In medical malpractice actions, a physician's alleged failure to obtain a patient's informed consent to treatment usually sounds in negligence rather than battery. (*Cobbs v. Grant* (1972) 8 Cal.3d 229, 239-241; *id.* at p. 240 ["The battery theory should be reserved for those circumstances when a doctor performs an operation to which the patient has not consented"].) Issues regarding disclosure and adequacy of consent to use medication or particular treatment should be addressed in a negligence action. (*Daum v. SpineCare Medical Group, Inc.* (1997) 52 Cal.App.4th 1285, 1313.) "[T]here is no physician's duty to discuss the relatively minor risks inherent in common procedures, when it is common knowledge that such risks inherent in the procedure are of very low incidence." (*Cobbs*, at p. 244.)

Here Pakula's expert witness opined that Dermabond has no cross reactivity to clear or plastic tapes or adhesives and it is a safe option to use in those patients with plastic tape and adhesive allergies. Heiser did not refute this expert opinion and it is

5

undisputed. A surgeon must close an incision in some manner. (*So v. Shin* (2013) 212 Cal.App.4th 652, 669 ["consent to surgery necessarily encompasses consent to postoperative care"].) It is also undisputed that Heiser did not advise Pakula of a possible Dermabond allergy. There is no triable issue of fact requiring a factfinder to resolve regarding Heiser's consent.

Moreover, Heiser's claim is a more appropriate one of alleged medical negligence. A medical battery occurs where a doctor obtains consent of the patient to perform one type of treatment and subsequently performs a substantially different treatment for which consent was not obtained. (*So v. Shin*, *supra*, 212 Cal.App.4th 652, 669.) In contrast, when the patient consents to certain treatment and the doctor performs that treatment but an undisclosed inherent complication with a low probability occurs, no intentional deviation from the consent given appears. (*Ibid.*) Instead, the doctor in obtaining consent may have failed to meet his duty of due care to disclose pertinent information. (*Ibid.*) This claim should be pleaded in negligence not battery. (*Ibid.*)

### DISPOSITION

The judgment is affirmed. Pakula shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.                    CODY, J.


6

Matthew P. Guasco, Judge

Superior Court County of Ventura

_____

Law Offices of Malcolm R. Tator and Malcom Tator for Plaintiff and Appellant.

Hall Hieatt Connely & Bowen and Mark B. Connely for Defendant and Respondent.